UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Akzo Nobel Coatings, Inc., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO: |
| | ) |
| SKAuto Body Repair, Inc. and | ) |
| Shannon K. Abernathy, | ) |
| | ) |
| Respondents. | ) |
| | ) |

## PETITION AND APPLICATION TO CONFIRM AWARD OF ARBITRATOR

COME NOW Petitioner Akzo Nobel Coatings, Inc. ("Akzo") by and through its undersigned counsel, and file this Petition seeking confirmation of, and an entry of judgment in conformity with, the Award of Arbitrator in their favor and against Respondents SKAuto Body Repair, Inc. ("SK") and Shannon K. Abernathy ("Abernathy") (collectively, "Respondents") in AAA Case No. 01-20-0005-2459 (the "Arbitration") pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq*.

### Parties

1. Akzo Nobel is a corporation duly organized under the laws of the State of Delaware, maintaining offices and its principal place of business at 535 Marriott Drive, Suite 500 Nashville, TN 37214.

2. Upon information and belief, SK is a corporation duly organized under the laws the State of Georgia, maintaining offices and its principal place of business at 2490 S. Main Street, Suite C, Kennesaw, Georgia, 30144.

3. Upon information and belief, Shannon K. Abernathy is the CEO, CFO and owner of SK.

4. Akzo will provide notice to Respondents in accordance with the requirements of Section 9 of the FAA.

## Jurisdiction and Venue

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

6. Venue for this action lies in this judicial district and division pursuant to Section 9 of the FAA and Section 10(B) of the Parties' arbitration agreement.

## Factual Allegations

7. On or about April 14, 2017, Akzo Nobel and SK entered into a Supply Agreement (hereinafter referred to as the "Agreement"), attached hereto as **Exhibit A**, under which SK agreed to *exclusively* purchase and use Akzo Nobel's Lesonal brand car "Paint" as defined in the Agreement (hereinafter collectively referred to as the "Products").

8. The term of the Agreement began on the Effective Date and continued until the later of April 30, 2022, or the date the Purchase Commitment is fully achieved (the "Term") unless earlier terminated pursuant to the Agreement.

9. Pursuant to the express terms of Section 2(D) of the Agreement, with regard to SK's Tolleson, Arizona location ("Tolleson"), SK agreed to purchase $90,000.00 in Paint each year ("Annual Purchase Commitment"). Further, SK agreed to purchase $985,104.00 during the term of the Agreement for Tolleson ("Tolleson Term Purchase Commitment").

10. Pursuant to the express terms of Section 2(D) of the Agreement, with regard to

4843-5930-8784

SK's previous locations encompassed by an earlier agreement dated May 1, 2017 (the "Non-Tolleson locations"), SK agreed to purchase $880,680.00 in Paint each year ("Annual Purchase Commitment").  Further, SK agreed to purchase $5,559,396.00 during the term of the Agreement for Non-Tolleson locations ("Non-Tolleson Term Purchase Commitment").

11.  Abernathy was an additional party to the Agreement and he personally and unconditionally guaranteed SK's complete payment and performance under the Agreement.  See Section 9(F) of the Agreement.

12.  In consideration of SK's purchase commitments and Abernathy's guarantee, Akzo Nobel provided SK a $200,000.00 Advance relating to the May 2017 Agreement along ("2017 Advance") with an additional $37,500.00 Advance relating to the new, April 14, 2017 Agreement ("May 2017 Advance Carry Over").  See Sections 5(A) and (B) of the Agreement.  The total Advance amount was $237,500.00 and was paid by Akzo Nobel to SK.

13.  Section 8(B) of the Agreement between Akzo Nobel and SK expressly provides that, in the event of early termination, SK would repay Akzo Nobel the unearned Advance:

> The unearned Advance is determined as follows: Until such time as Customer's aggregate gross Lesonal brand Paint purchases under this Agreement exceed 60% of the Term Purchase Commitment or Three Million Three Hundred Thirty-Five Thousand Six Hundred Thirty-Seven Dollars ($3,335,637) (the "Threshold Level"), the unearned 2017 Advance and the May 2017 Advance Carry-Over will be one hundred percent (100%) of the Advance.
> (underlining in original).

14.  Contrary to its purchase commitments, SK only purchased $1,081,135.00 in Paint prior to its cessation of business with Akzo Nobel and its switch to a new supplier in breach of the exclusivity provision of the Agreement.

15.     As SK failed to satisfy its purchase commitments and its purchases in the amount of $1,081,135.00 are well short of the $3,335,637 Threshold Level, SK is contractually required to repay 100% of the Advance in the amount of $237,500.00.

16.     Abernathy personally guaranteed SK's repayment obligations under the Agreement, which equals at least $237,500.00.

17.     On or about November 11, 2019, Akzo Nobel wrote a letter to SK and Abernathy notifying them of SK's breach of the Agreement, terminating it, and formally demanding payment in the amount of $237,500.00.  The demand requested full payment from SK and/or Abernathy no later than November 26, 2019.

18.     As an additional and final effort to resolve SK's default and overdue payment, Akzo Nobel sent a notice dated January 23, 2020 which requested a negotiation with a SK senior executives to attempt to resolve the matter pursuant to Section 10(B)(1) of the Agreement.

19.     SK failed to respond to Akzo Nobel's November 11, 2019 and January 23, 2018 requests.

20.     Section 10(B) of the Agreement contains an arbitration clause, which provides that the parties agreed that in the event negotiations failed, that any dispute arising out of the Agreement shall be resolved pursuant to…:

> binding arbitration conducted in accordance with the commercial rules and procedures of AAA Arbitration, with arbitration hearings to be held in Atlanta, Georgia. If the dispute cannot be resolved without arbitration, the arbitration shall be governed by the Federal Arbitration Act, 9 U.S. §§ 1-16 and judgment on the award may be entered by any court having jurisdiction thereof. All Arbitration awards are binding and non-appealable, except as otherwise provided in the United States Arbitration Act. The parties agree that the prevailing party herein shall be entitled to recover its costs, disbursements and reasonable attorney's fees from the non-prevailing party following the final award.

4843-5930-8784

21. On May 13, 2020, Akzo filed an Arbitration claim with the American Arbitration Association in Atlanta, Georgia, Case No. 01-20-0005-2459, against Respondents. A true and correct copy of the Demand For Arbitration is attached as **Exhibit B**.

22. After considering the evidence submitted, the Arbitrator issued the Award of Arbitrator on February 1, 2021 (the "Award"). A true and correct copy of the Award is attached as **Exhibit C**.

23. In the Award, the Arbitrator ruled in favor of the Akzo and against Respondents. Specifically, the Arbitrator found that Respondents must pay

   a. $237,500.00 for breach of contract along with prejudgment interest; and

   b. $6,950.00 for administrative fees of the American Arbitration Association.

24. The above sums were to be paid on or before thirty (30) days from date of the Award.

25. To date, Respondents have not paid any of the Award.

26. The Award is final and binding and should now be confirmed and made the judgment of this Court as authorized by Section 9 of the FAA.

WHEREFORE, Petitioners pray that this Court:

   a. enter an Order and Judgment against Respondents confirming the Award in its entirety;

   b. award the Akzo reasonable attorneys' fees and costs incurred in connection with enforcing the Award; and

   c. grant the Akzo such other and further relief to which they may be entitled.

4843-5930-8784

Dated August 23, 2021.

                                          Respectfully submitted,

                                          HUSCH BLACKWELL LLP

                                          */s/Ariel M. Anthony*
                                          Ariel M. Anthony (GA Bar No. 290132)
                                          736 Georgia Avenue, Suite 300
                                          Chattanooga, TN 37402-2059
                                          Direct:  423.755.2649
                                          Fax:  423.266.5499
                                          ariel.anthony@huschblackwell.com

                                          *Attorneys for Petitioner Akzo Nobel Coatings, Inc.*


## CERTIFICATE OF SERVICE

       I hereby certify that a true copy of the foregoing document was mailed by U.S. Certified Mail, on this 23rd day of August 2021 to the following:

Shannon Abernathy
2490 S. Main Street, Suite C,
Kennesaw, GA, 30144

SKAuto Body Repair, Inc.
2490 S. Main Street, Suite C,
Kennesaw, GA, 30144

                                          */s/Ariel M. Anthony*
                                          Ariel M. Anthony (GA Bar No. 290132)

4843-5930-8784