# EXHIBIT C

# AMERICAN ARBITRATION ASSOCIATION
## Commercial Arbitration Tribunal

| | | |
|---|---|---|
| In the Matter of Arbitration between | ) | |
| | ) | |
| Akzo Nobel Coatings, Inc., | ) | |
| | ) | |
| Claimant, | ) | |
| | ) | CASE NO.: 01-20-0005-2459 |
| and | ) | |
| | ) | |
| SKAuto Body Repair, Inc and | ) | |
| Shannon K. Abernathy, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## Ex-Parte Award of Arbitrator

I, Bruce W. Bennett, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into by the above-named parties and effective April 14, 2017, and having been duly sworn, and Claimant having filed a dispositive motion on December 1, 2020 in accordance with the Rules and Scheduling Order No. 1, and having fully reviewed and considered the written documents submitted to me by Claimant's representative Matthew Grant, Esq., and Respondents, having not appeared after due notice, do hereby find and AWARD, as follows:

### Discussion

The Parties entered into a five-year written agreement (the "Agreement") for the sale of certain automotive paint products for use in repainting and/or repairing automobile bodies. The Agreement was signed in July 2017 with an effective date of April 14, 2017. The Agreement incorporated in and superseded a May 2017 Supply

Agreement whereby Claimant advanced $200,000.00 to Respondent SKAuto Body Repair ("SKAuto"). An additional $37,500.00 was later advanced pursuant to the Agreement, bringing the total amount advanced by Claimant to SKAuto to $237,500.00. The Agreement was signed by the Parties and personally guaranteed by Shannon K. Abernathy ("Mr. Abernathy").

The Agreement required SKAuto to purchase certain minimum amounts of paint products from Claimant at annual intervals. According to an affidavit signed by Claimant's Investment and Rebate Supervisor, SKAuto breached the Agreement by failing to honor its commitments and return the $237,500.00 advance. Claimant made two written attempts to resolve its disputes with SKAuto to which, according to Claimant, SKAuto did not respond. Claimant further contends Mr. Abernathy is in breach of his personal guaranty. Finally, Claimant's Demand seeks an award for the advances, its attorney's fees, costs and pre-judgment and post-judgment interest. Claimant subsequently withdrew its demand for attorney's fees.

Standard of Review

This motion is governed under the laws of the State of Georgia and Rule 33 of the American Arbitration Association's Commercial Arbitration Rules and Mediation Procedures. Under Georgia law, "[s]ummary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Vance v. FD 2011-C1 Grove Rd. Ltd. P'ship*, 795 S.E.2d 747 (Ga. Ct. App. 2016) (citing OCGA § 9–11–56 (c)). Rule 33 permits an arbitrator to accept the filing of dispositive motions "if the arbitrator determines that the moving party has shown that the motion is likely to succeed and dispose of or narrow the issues in the case."

## Conclusion

Based on the evidence submitted, the Agreement is enforceable and was breached by Respondents; therefore, Claimant's motion is GRANTED.

Accordingly, I hereby Award as follows:

1. Claimant is the prevailing Party;

2. Respondents shall pay to Claimant the sum of two hundred thirty-seven thousand five hundred dollars and no cents ($237,500.00);

3. Claimant's request for attorney's fees was withdrawn and is DENIED;

4. Claimant's request for pre-judgment interest is DENIED;

5. Claimant is entitled to post-judgment interest at the Georgia statutory legal rate pursuant to Ga. Code. Ann. § 7-4-12(a) on any unpaid balance until this Award is paid in full; and,

6. This Award shall be joint and several against Respondents.

The administrative fees of the American Arbitration Association, totaling $3,700.00 and the compensation of the arbitrator, totaling $3,250.00, shall be borne by Respondents. Therefore, Respondents shall reimburse Claimant the sum of $6,950.00, representing fees previously incurred by Claimant.

The above sums are to be paid on or before thirty (30) days from the date of this Award.

This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

I, Bruce W Bennett, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

Signed: _____          Date:   February 1, 2021

Bruce W. Bennett
Arbitrator